**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| New York Life Insurance Company,<br><br>    Plaintiff,<br><br>vs.<br><br>Matthew L. Koscove and Terry L. Koscove; the Estate of Marvin Koscove, by and through its Personal Representative, Charisse E. Koscove,<br><br>    Defendants. | No. CV-07-1606-PHX-DGC<br><br><br>**ORDER** |

Plaintiff New York Life Insurance Company ("New York Life") filed a Complaint for Interpleader, seeking a determination as to whether Defendants Matthew and Terry Koscove or Defendant Charisse E. Koscove are entitled to a disputed portion of the proceeds from an annuity contract issued to Decedent Marvin Koscove. Dkt. #1. Pending before the Court is New York Life's motion for an order directing the Clerk of the Court to accept, deposit, and invest a check from New York Life in the amount of the proceeds at issue, $39,243.65. Dkt. #2. In addition, Plaintiff seeks the Court's permission to serve Defendants through Rule 4(d) or Rule 4(c) of the Federal Rules of Civil Procedure. *Id.* Finally, Plaintiff asks the Court to enjoin Defendants from instituting or prosecuting any proceeding in any state or United States Court affecting the impleaded property. *Id.* For reasons set forth below, the Court will provisionally grant Plaintiff's motion.

**I. Jurisdiction under 28 U.S.C. § 1335.**

In its complaint, Plaintiff acknowledges that it owes funds under the annuity contract and that it is unable to determine which of the claimants is to be paid. Dkt. #1, at 3-4 ¶¶15-16. Plaintiff states that it "cannot pay any portion of the proceeds from the [annuity contract] without danger of being compelled to pay the proceeds to more than one competing claimant." *Id*, at 4 ¶16. Plaintiff therefore has filed an impleader action under 28 U.S.C. § 1335, which generally shields stakeholders from multiple liability and conversely enables claimants to settle their alleged rights to an obligation in a single judicial proceeding. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000).

Before reaching the merits of a statutory interpleader action, a court must first address the threshold question of whether jurisdiction is proper under 28 U.S.C. § 1335.[1] *See Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999) (describing the bifurcated process involved in an interpleader action). In a statutory impleader action, there are three prerequisites to a court's exercise of jurisdiction: (1) the party filing "any civil action of interpleader or in the nature of interpleader [must have] in his or its custody or possession money or property of the value of $500 or more," (2) "[t]wo or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property," and (3) "the plaintiff has deposited such money or property . . . into the registry of the court." 28 U.S.C. § 1335.

First, Plaintiff suggests that it has, in its possession, the disputed proceeds, which total $39,243.65 and are in excess of $500. Dkt. #2, at 1. Second, Plaintiff states that Defendants are adverse claimants to the proceeds and that Defendants Matthew and Terry Koscove are

---

[1] Plaintiff appears to argue that the Court has jurisdiction over this case pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335. Dkt. #1, at 2 ¶6. To the extent Plaintiff contends that Rule 22, by itself, may serve as the basis for federal jurisdiction, the Court notes that "[r]ule interpleader is merely a procedural device, and does not confer federal jurisdiction over a claim." *Selective Ins. Co. of America v. Norris*, 209 F.Supp.2d 580, 582 (E.D.N.C. 2002). Accordingly, the Court will limit its discussion of jurisdiction to 28 U.S.C. § 1335.

residents of Colorado, while Defendant Charisse E. Koscove is a resident of Arizona, thus creating diversity of citizenship between at least two of the claimants. Dkt. #1 at 1-3.

The third prong of the jurisdictional inquiry relates to Plaintiff's motion for permission, under 28 U.S.C. § 2041, to deposit the disputed funds into the Court's registry. As Plaintiff has alleged facts supporting a conclusion that it has met the first two elements, the Court will provisionally grant this part of Plaintiff's motion. The Court reminds Plaintiff that Rule 67.1(a) of the Rules of Practice of the United States District Court for the District of Arizona ("Local Rules") requires Plaintiff, in making the deposit, to serve a copy of this order on the Clerk or the Chief Deputy Clerk, and upon the Financial Deputy, and to file a "Notice of Deposit" with the Clerk.[2] Satisfied that Plaintiff has met the jurisdictional requirements of 28 U.S.C. § 1335, the Court provisionally holds that it has jurisdiction over this impleader action.

**II. Service of Process.**

Plaintiff moves for the Court's permission to serve Defendants under Rule 4(d) or Rule 4(c). "Personal service is normally effective only within the boundaries of the state in which the federal court sits; however, federal statutes may provide for nationwide service of process." *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992). The statute which governs process and procedure in interpleader actions under 28 U.S.C. § 1335 enables a plaintiff to employ nationwide service of process. 28 U.S.C. § 2361; *State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 529 n.3 (1967); *see York Life Ins. Co. v. Lee,* 232 F.2d 811, 815 n.1 (9th Cir. 1956) ("Section 2361 permits service of process in any district where the claimants reside or may be found."). Accordingly, the Court will grant Plaintiff permission to execute nationwide service of process on Defendants in accordance

---

[2] Rule 67.1(b) of the Local Rules requires funds deposited into the Court's registry to be "placed in some form of interest bearing account." Therefore, Plaintiff's request for the deposited funds to be invested is unnecessary.

- 3 -

with Rule 4.[3]

## III. Preliminary Injunction.

Finally, Plaintiff seeks an injunction, pursuant to 28 U.S.C. § 2361, restraining Defendants from instituting or prosecuting any proceeding in any state or federal court affecting the disputed proceeds. Dkt. #2. In light of Plaintiff's stated interest in avoiding multiple lawsuits regarding the single disputed property and the broader policy reasons that undergird impleader actions, *see Star Ins. Co.*, 273 F.Supp.2d at 43-44, the Court will provisionally grant this injunction.

The Court will direct Plaintiff to serve Defendants with a copy of this order when executing service of process, and will permit the parties to file memoranda within 20 days of service that shall be limited to two questions: (1) whether the Court has the authority to hear this case under 28 U.S.C. § 1335, and (2) whether the issuance of a preliminary injunction is proper under 28 U.S.C. § 2361. *See Prudential Ins. Co. of America v. Shawver*, 208 F.Supp. 464, 470-71 (W.D.Mo. 1962) (observing that an order allowing for reconsideration of a preliminary injunction in an impleader action "after service of process proved to be a sufficient safeguard against the failure to give notice."). The parties' memoranda shall not exceed 10 pages in length.

**IT IS ORDERED:**

1. Plaintiff's motion to deposit $39,243.65 to the Court's registry is **granted**. Dkt. #2. Plaintiff is instructed to make the deposit in a manner consistent with Local Rule 67.1(a).

2. Plaintiff's motion to effectuate nationwide service in accordance with Rule 4 is **granted**. Dkt. #2.

---

[3] 28 U.S.C. § 2361 states that "process . . . shall be addressed to and served by the United States marshals[.]" Plaintiff, however, should understand that "it appears to be the practice of *plaintiffs in interpleader actions to directly serve process on claimants*, without burdening the U.S. marshals." *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F.Supp.2d 38, 42 n.4 (D.D.C. 2002) (emphasis added).

3. Plaintiff's motion for a preliminary injunction, restraining Defendants from instituting or prosecuting any proceeding in any state or federal court affecting the disputed proceeds of the annuity contract, is **granted**. Dkt. #2.

4. Plaintiff shall serve Defendants with a copy of this order when service of process is executed. The parties may file memoranda, not to exceed 10 pages in length, on the Court's jurisdiction under 28 U.S.C. § 1335 and the propriety of the preliminary injunction under 28 U.S.C. § 2361. The briefs shall be filed no later than 20 days after service of Defendants.

DATED this 18th day of September, 2007.

David G. Campbell
United States District Judge